CHARLES OFFUTT AND HENRY CLAGETT *vs.* WILLIAM C. GOTT.—*December,* 1842.

Pending a *caveat* to a nuncupative will appointing an executor, the orphans court granted letters of administration *pendente lite.* After this, the *caveat* was overruled, and the will established by the orphans' court. The caveators appealed. This suspends all further proceedings before the orphans court, and while it is undecided, that court cannot proceed to grant letters of administration.

Appeals from the orphans court are heard and determined at the term to which the appeal is taken.

The act of 1798, ch. 101, sub ch. 2, sec. 9, gives the orphans court jurisdiction to decide a *caveat* to a will or codicil respecting personal property, or appointing an executor; the 11th section authorises either party, aggrieved by its decision in such cases, to appeal, declares, that such appeal shall stay further proceedings, and that the decree of the Court appealed to, shall be final and conclusive; and the 19th section of the 15 sub chap. of that act, does not warrant the granting letters of administration in chief, pending an appeal from a decree overruling a *caveat* to a will.

APPEAL from the *Orphans'* Court of *Montgomery* County.

On the 1st of November, 1842, the appellants, as the next of kin of *Aaron Offutt,* deceased, filed their petition in said orphans court, alleging, that they have by their petition filed this day, prayed the court to amend the record in the case of *William C. Gott,* libellant, against the appellants, respondents, that they may appeal from said decree when the same is amended, or whether the same is amended or not, which petition is now pending and undecided; that they have been informed and believe, that the appellee, notwithstanding the pendency of said proceeding, and prayer for said appeal, is about to make application for letters testamentary on said estate of *Aaron Offutt,* deceased; they therefore pray letters testamentary may not be granted until the appeal prayed for is finally decided, because your petitioners allege, that letters of administration *pendente lite* have been granted the appellants, which are valid and in force until the controversy concerning the will of the said deceased is ended, and because the said letters testamentary cannot with propriety be granted before the appeal is decided, and if the same are granted, the

court here cannot provide for conforming to the decision of the court above, whether the said decision be eventually for or against the appellant, &c.

On the 2nd November, 1842, the appellee answered the said petition, and alleged, that by decree of the 28th October, 1842, the nuncupative will of *Aaron Offutt*, so far as relates to the appointment of your petitioner, executor, was adjudged to have been lawfully made, and accordingly admitted to probat by said decree. The only object and purpose of said will, as set up, was the appointment of the appellee, his executor. Prayer—that letters may be granted under said will.

On the 9th November, 1842, the orphans' court passed a decree, which, after reciting the proceedings in the case, and upon the nuncupative will of the deceased; its admission to probat; the appeal from that decree by the appellants, with the fact of their previous appointment as administrators *pendente lite*, decreed as follows: "and the court, considering the delay that may occur before the said Court of Appeals shall affirm or reverse the said decree, would operate great injury to the said estate, adjudge, &c., that the prayer of the said *Charles Offutt* and *Henry Clagett* be refused, and that letters testamentary be granted to the said *William C. Gott*, upon the personal estate of the said *Aaron Offutt*, upon his entering into bond, with security, to be approved by this court according to law. The petitioners, under the petition of 1st November, 1842, appealed to this court.

The cause was argued before STEPHEN, DORSEY and CHAMBERS, J.

By R. I. BOWIE for the appellants.
No Counsel argued for the appellee.

DORSEY, J., delivered the opinion of this court.

The appeal in this case has been well taken. The 9th section of the act of 1798, chap. 101, sub chap. 2, provides, that if any person *caveat* a "will or codicil respecting personal property or appointing an executor," the *caveat* shall be de-

Offutt and Clagett *vs.* Gott.—1842.

cided by the orphans court. By the 11th section of the same act and sub chap., it is enacted, that either party conceiving him or herself aggrieved by the decision of the said court, relative to the probat, may enter an appeal; and that such appeal shall stay further proceedings of the orphans court; and that the decree of the court appealed to shall be final and conclusive. To grant letters testamentary thereon, pending the appeal taken from the decision of the orphans' court, is an act clearly prohibited by the act of Assembly referred to. Nor does the reason assigned by the orphans' court for its decree, give to it the slightest support. The appellate court, by which the decree for admitting the will to probat was to be reviewed, was to sit in less than one month from the time of awarding letters testamentary, and were bound by law to determine the appeal during its approaching session, so that there was no foundation for the reason assigned by the orphans court for their decree appealed from in this case, that great injury would result to the estate of the deceased by the delay of the Court of Appeals in deciding on the appeal. Nor was there any ground for the apprehension of injury to the estate, had the delay referred to, actually occurred, which the granting of letters testamentary was necessary to prevent; as there was no act, which, under the circumstances of this case, the orphans court ought to have authorised or required at the hands of the executor thus commissioned, which the administrators *pendente lite* were not equally competent to perform. Neither can the acts of the orphans court complained of, be sustained under the 19th section of the 15 sub chapter of the act of 1798, chap. 101, as the granting of letters testamentary was not in the case before us, a proceeding therein, "which may with propriety be carried on before the appeal is decided."

The court will sign a decree reversing the decree of the orphans court, with costs to the appellants in both courts.

DECREE REVERSED WITH COSTS.