STATE, USE OF CHARLES B. CALVERT, ADM'R. D. B. N. OF THOMAS CRAMPHIN, *vs.* RICHARD WILLIAMS.—*December* 1850.

Where arbitrators mistake the law, and by reason of this mistake, have given an award in favor of one of the parties, and this fact be shown by the award itself, the county court has the power and is bound to set aside such award.

Where the order of an orphans court revoking letters of administration, has been appealed from, the appeal suspends the order of revocation, and leaves the letters in full force and effect, pending the appeal.

The granting of letters of administration, is a revocation of letters of administration *pendente lite.*

Where objection is made to the grant of letters, and an appeal is taken from the order granting them, while that appeal is pending the letters cannot be granted.

APPEAL from *Montgomery* county court.

This was an action of *debt,* brought in the name of the State, upon a bond given by the appellee and his securities, as administrator *pendente lite* of *Thomas Cramphin's will.* The original writ was endorsed for the use of *George Calvert,* administrator of *Thomas Cramphin.*

After *nar* filed and the plea of general performance, the death of *George Calvert* was suggested, and the suit was ordered to be entered for the use of the appellant, as administra-

tor *de bonis non* of *Thomas Cramphin.* A replication was then filed stating the appointment of defendant, as administrator *pendente lite,* and that the contest being ended, *George Calvert* was appointed administrator of *Thomas Cramphin;* that defendant collected sundry sums of money, and received large debts, and after the termination of the contest, the said administrator demanded of defendant all said sums, goods and chattels, which defendant refused to pay over and deliver to said *Calvert.*

The cause was then continued, and under leave to amend, the defendants filed several pleas, among others, that *"George Calvert* for whose use the writ was issued, was not at the impetration thereof the administrator of *Thomas Cramphin."*

The cause was then by agreement of counsel referred to *L. A. Dawson* and *J. W. Anderson,* with power if they could not agree upon any question of law or fact, to submit the same to the final decision of the *Hon. Thomas B. Dorsey,* whose judgment shall be final and decisive. The agreement then proceeds to set out the matters referred, and concludes with the following proviso: "And provided that the liability of the defendant *Richard,* to the plaintiff *Charles,* administrator *de bonis non* of *Thomas Cramphin,* in this or any other form of action, is not admitted by this reference, but the same is open before the arbitrators, as fully as in a court of law."

Upon this reference the arbitrators awarded, "that the plaintiff cannot maintain the present action, because *George Calvert* at whose instance and for whose use the same was brought, was not the administrator of *Thomas Cramphin,* competent to institute an action, as such, at the time of the impetration of the original writ in said case, his letters of administration on the personal estate of said *Cramphin,* having been before that day revoked, by an order of the orphans court, and an appeal from said order, to the Court of Appeals, being then pending and undetermined, and we do therefore award and determine that a *non pros.* be entered in said cause," &c.

Judgment was entered on the award for the defendants. A motion was then made by the plaintiff to set aside the award,

among other reasons; because the award is founded on a mistake in law, apparent on the face of the award. The court overruled the objections, and the plaintiff appealed.

The cause was argued before SPENCE, MAGRUDER, MARTIN and FRICK, J.

By KILGOUR and ALEXANDER, for the appellant, and
By R. J. BOWIE, for the appellees.

MAGRUDER, J., delivered the opinion of this court.

The judgment from which this appeal is taken, was obtained in *Montgomery* county court, in a suit instituted upon a bond given by the appellee as the administrator *pendente lite* of *Cramphin*.

The suit was originally brought in the name of the State, for the use of the administrator of *Cramphin*, and upon the death of the administrator, it was entered for the use of the administrator *de bonis non*.

If the plaintiff at the time of instituting the action had a good cause of action, the administrator *de bonis non*, was the person to whom, after the death of the administrator, the estate was to be delivered up, and the suit was then to be prosecuted for his use.

The defendant pleaded, with other pleas, of which no notice need now be taken, that at the time of the institution of the suit in that case, *George Calvert*, was not the administrator of *Cramphin*. No issue was joined, when by the agreement of the parties, the cause was referred to *Lawrence A. Dawson* and *James W. Anderson;* and the agreement to refer proceeds to state sundry matters which are to be adjusted by the arbitrators, and umpire, "if in their opinion the said *Richard Williams*, is legally responsible in this action for the same." To this agreement too, there is annexed a proviso, that the liability of the said defendant, *( Williams,)* to the plaintiff, *Charles*, administrator *de bonis non*, in this or any other form of action, is not admitted, but the same is open before the arbitrators, as fully as in a court of law.

Without attempting to define the precise extent of the powers and duties of the arbitrators, it may be taken for granted, they were authorized to assess any damages of which the administrator *de bonis non,* properly complained in his replication. *Williams,* it seems, had been the administrator *pendente lite* of the estate of *Cramplin;* the controversy had been determined, the estate in the hands of the administrator *pendente lite,* had not been delivered up, although it had been demanded by the administrator, and for his use this suit upon the bond of the administrator *pendente lite,* was brought.

By the award, it appears, that the arbitrators did not attempt to adjust any of the claims referred to them, but leaving them unsettled, awarded in favor of the defendant, simply, because as the award itself states, *George Calvert* was not the administrator of *Thomas Cramphin,* competent to institute an action as such, at the time of the impetration of the original writ in this case. It is added, as the reason for this decision, "his letters of administration on the personal estate of the said *Cramphin,* having been before that day revoked, by the order of the orphan's court, and an appeal from the said order, to the Court of Appeals, being then pending and undetermined." We must collect from this, that the arbitrators were satisfied by the proof laid before them, that *George Calvert* had been appointed the administrator of *Cramphin,* before the institution of this suit; and that also before its institution, the orphans court had passed an order that they be revoked. Being convinced of these facts, the arbitrators decided the law to be, that this terminated the right of the administrator, or the right of the State for his use, to institute a suit upon the bond given by the administrator *pendente lite,* although an appeal had been taken by *Calvert* from that order, and at the time of the institution of the suit such an appeal was pending and undetermined.

If herein the arbitrators mistook the law, and because of this mistake have given an award in favor of the defendant, and this be shown by the award, the court below had the power and was bound to set aside the award.

The question then is, whether the letters of administration,

were yet in force notwithstanding the order of the orphans court, there being an appeal from that order pending at the time the suit was instituted?

It is the opinion of this court, that the appeal suspended the order of revocation of the orphans court, and the letters of administration were left in full force and effect pending the appeal. The order of revocation certainly did not revive the letters of administration *pendente lite.* The grant of the letters to *Calvert,* revoked them, (7 *H. and J,* 40,) and if the administrator, notwithstanding the appeal, ceased to have authority to take charge of the estate, there was no person who could have such authority. There is no provision in our testamentary system, which countenances the idea that an order of an inferior court, such as this, has, until it is reversed, all the force and effect which it will have when it is affirmed by the court of last resort.

*George Calvert,* was the administrator, while the application for a revocation of the letters was pending in the orphans court, and while his appeal from the order of that court was pending, he continued to be administrator, possessing all the powers and bound to perform all the duties of an administrator.

If the party at whose instance the order was passed, instead of waiting until the letters were granted, had objected to the granting of them, and had appealed from the order granting them, then, while that appeal was pending, the letters could not have been granted; *( Offutt and Clagett vs. Gott,* 12 *G. & J.,* 385,) and for the like reason the letters in this case remained in full force until it is decided, upon the appeal, that the person to whom they were granted, is no longer to be the administrator.

We can discover no reason why the law, as laid down in the authority to which we have been referred, (4*th Sergeant and Rawle,* 202, and 8*th Smedes and Marshall,* 211,) should not be considered the law of this State.

Such would have been the law of the case, if the suit had been brought in the name of *Mr. Calvert,* but the suit is brought

in the name of the State, for a breach of the condition of the bond given to the State. The damages when recovered would be for the use of the person who is aggrieved by the alleged breaches.

One and a material object of an immediate appeal is to prevent a revocation of the letters of administration, which had already been granted. If the appellant succeeds, the order from which he appealed is a nullity and can have no effect in the administration of the estate.

Judgment reversed with costs, award set aside, and *procedendo* to issue.

JUDGMENT REVERSED AND PROCEDENDO.