# CHRISTIANA EDELEN, Adm'x of FRANCIS EDELEN, *vs.* THOMAS H. EDELEN.

Letters of administration were granted to the widow of a deceased party, on the 15th of March 1853, and on the 27th of that month a petition was filed by a party named as executor therein, asking probate of a paper presented as the will of the deceased, revocation of the letters granted to the widow, and the grant of letters testamentary to him. On this petition issues were framed and sent to the circuit court for trial, testing the validity of the paper as a will. Afterwards, on the 17th of April 1855, but *before* the case upon the issues was decided, and *before* any final action upon the prayer for the revocation of the letters, the same party filed another petition asking for the revocation of these letters and the grant of letters *pendente lite* to him. HELD:

That as the first application for the revocation of the letters of administration had never been *finally acted upon*, and as the petitioner having *knowledge* of the grant of such letters as early as the date of his *first* application, his *second* petition was *too late* and must be dismissed.

APPEAL from the Orphans Court of Prince Georges county.

This appeal was taken by the appellant from an order of the court below, passed on the 23rd of May 1855, revoking the letters of administration upon the personal estate of Francis Edelen, deceased, which had been granted to her as widow of the deceased, on the 15th of March 1853, and granting letters of administration *pendente lite* to the appellee, one of the

executors named in the will of the deceased, about which a controversy was pending and undecided at the date of the order appealed from. The facts of the case upon which this court based its decision are sufficiently stated in its opinion.

One of the grounds relied upon by the appellee in his petition, for revoking the letters granted to the appellant, was an *ante-nuptial* contract between the appellant and the deceased, by which she agreed, in consideration of having her whole real and personal estate thereby settled to her sole and separate use, to take and accept such provision "for her jointure, and in lieu, bar and full satisfaction of all such dower and thirds at law, which she could or might have had, claimed or been entitled to, out of, or from, any freehold or personal estate which the said Francis Edelen now is, or may at any time hereafter, be seized and possessed of."

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Daniel C. Digges* and *John M. S. Causin* for the appellant, argued:

1st. That by the act of 1798, ch. 101, sub-ch. 5, sec. 11, and sub-ch. 13, *secs.* 2, 3, the widow of a deceased intestate is entitled to administration; and the proceedings to establish the paper offered as a will not having terminated—no will being admitted as yet to probate—the right of the widow, under the said act, is, therefore, unaffected by such paper. 12 *G. & J.*, 385, *Offutt vs. Clagett.* 9 *Gill*, 172, *State vs. Williams.*

2nd. That the statutory right of the widow to administration, in the absence of appointment of an executor by will, is not renounced or affected by the marriage contract filed with the petition. In this position we assume the case to be clearly distinguishable from the cases of *Thompson vs. Ward*, 6 *G. & J.*, 357, and *Maurer vs. Naill*, 5 *Md. Rep.*, 326. There is nothing in this contract to show that Mrs. Edelen *intended* to divest herself of the right of administration; there is no *mutual* contract; it simply secures the property of Mrs. Edelen

against her husband's debts, and she simply abandons jointure, dower and thirds in his personal estate. 7 *Johns. Ch. Rep.*, 231.

3rd. That administration having been granted in 1853, with *knowledge* of the appellee as shown by the language of the present petition, and also by the original petition of March 1853, the present application for revocation now comes *too late* under the decision of *Edwards, Adm'r of Bruce, vs. Bruce,* 8 *Md. Rep.*, 387, 388, 398. The same objection applies to this application as based upon the marriage contract, which was recorded in 1835, and was, of course, known to the appellee. He is barred by his own *laches* in not, either in the first instance resisting the application for letters, or filing his petition for revocation *in due time*.

4th. The present application is further objectionable in this, that an application for that purpose, embraced in the original petition of March 1853, is already pending and must be decided or dismissed before a similar petition can be entertained.

5th. That if in ordinary cases the orphans court had a power of appointment of the party named as executor in the supposed will then under *caveat*, it could not be properly exercised in this case, as with reference to the proceedings on the original petition still pending, it is apparent that the effect would be to make the same party caveator and caveatee upon the issues framed, and put it in his power to establish the paper as a will, in conformity with *his interests*, by dismissing the *caveat* without regard to the actual merits of the controversy. 7 *H. & J.*, 40, 41, *State vs. Craddock.*

*Samuel H. Berry* for the appellee, argued:

1st. That the court below were right in passing the order appealed from, because there was an *ante-nuptial* contract duly entered into between the appellant and the deceased, Francis Edelen, by which she relinquished all and every right which she might have acquired, by marriage, in his property, (5 *Md. Rep.*, 324, *Maurer vs. Naill;*) and because the right of administration follows the right of property. 1 *Wms. on Ex'crs*, 260.

2nd. It is the undoubted right of every one, capable in law of making a valid deed or contract, to make a testamentary appointment of his executor, and the person so appointed is entitled, under the direction of the orphans court, to the custody of the personal estate of the testator during the pendency of any controversy involving the validity of the testamentary paper. *Act of* 1810, *ch.* 34. 6 *Md. Rep.*, 288, *Edelen vs. Edelen.*

Le Grand, C. J., delivered the opinion of this court.

This is an appeal from an order of the orphans court for Prince Georges county, passed on the 23rd day of July 1855, revoking the letters of administration granted to the appellant on the 15th day of March 1853, and granting letters of administration *pendente lite* to the appellee.

The facts of the case may be thus stated: Francis Edelen died in September 1852; on the 15th day of March 1853, letters of administration were granted to his widow, the appellant. On the 27th day of March 1853, the appellee filed his petition in the Orphans court asking that a certain paper presented to the court might be admitted to probate as the last will and testament of Francis Edelen, and that the letters which had been granted to his widow, the appellant, might be revoked and letters testamentary be granted to him, he being one of the executors named in said paper, the other having renounced all right to administration.

On this petition, issues, involving the validity of the paper presented as a testamentary disposition of the property of Francis Edelen, were framed and sent to the Circuit court for Prince George's county, and there tried. The case so framed and tried was, on appeal, brought up to this court and the ruling of the Circuit court therein was overruled and the cause remanded under *procedendo,* and is now pending in the Circuit court undisposed of. In this state of case, the appellee filed another petition, to wit, on the 17th of April 1855, asking the revocation of the letters which had been granted to the appellant on the 15th day of March 1853. The prayer of the petition was granted, and letters *pendente lite* granted to the

appellee. The present appeal is from this order of the Orphans court.

It will be perceived from this recital of the facts, that the prayer, for the revocation of the letters granted to the appellant, *which was embraced in the petition of the appellee of the 27th day of March 1853, has never been finally acted upon and therefore is undecided.*

The petition in *this case* was not filed until the 17th day of April 1855. The appellee had knowledge, if not earlier, certainly on the 27th day of March 1853, that letters had been on the 15th day of the same month and year, granted to the appellant, and this undoubtedly being so, this petition under the decision in *Edwards, Adm'r of Bruce vs. Upton Bruce,* 8 *Maryland Rep.*, 387, was filed too late, and ought to have been dismissed. This being so, it follows as a matter of course, the order of the Orphans court appealed from, should be reversed.

The nature and legal import of the ante-nuptial contract between Francis Edelen and the appellant, and the right of the Orphans court to appoint an administrator *pendénte lite,* before the final settlement of the case depending in the Circuit court of Prince Georges county, *under the petition filed by the appellee on the 27th day of March 1853,* are questions which are not before us on this appeal, and we, therefore, abstain from the expression of any opinion in regard to them.

The only matter before us is, that which arises under the petition filed, on the 17th day of April 1855, and as that paper ought to have been dismissed, the order passed in conformity with its prayer ought to be reversed, which is done accordingly.

*Order reversed.*

Tuck, J., delivered the following separate concurring opinion.

Without expressing any opinion as to the reasons assigned by the other members of the court for reversing the order from which this appeal was taken, I desire to confine my concurrence in the reversal to the single ground, that the pendency of the proceedings on the issues sent to the Circuit court for

trial, at the time the order of the 23rd of July 1855 was passed, suspended further action by the orphans court, as to the right of administration, until the final termination of that controversy. *Offutt & Clagett, vs. Gott,* 12 *G. & J.,* 385.    *State, use of Calvert, vs. Williams,* 9 *Gill,* 172.