FRANCES JONES, Administratrix of ANDREW D. JONES *vs.* JOSHUA JONES.

*When an Appeal will lie—Authority of the Orphans' Court to revoke Letters of administration—Insufficient defences by an Administratrix for neglecting to render Accounts of her administration, and to Deposit in bank the funds of the Estate.*

From an order of the Orphans' Court, revoking letters of administration, an appeal will lie to the Court of Appeals.

Where an administratrix fails to render accounts of her administration as required by sections 1, 2 and 3 of Article 93 of the Code, and neglects or refuses to deposit in bank the funds of the estate when so directed by an order of the Court, the Court has authority to revoke her letters of administration; and in the exercise of such authority, it is to be presumed, in the

absence of evidence to the contrary, that the Court faithfully discharged its duty.

And the pending of an appeal, taken by the administratrix from an order of the Orphans' Court, as to the distribution of her intestate's estate, and the fact that proceedings had been instituted by her in a Court of Equity, for the purpose of having the estate distributed under the sanction and indemnity of a decree of said Court, furnish no excuse, in the absence of an order of the Court to restrain her in the administration, for her neglect to render accounts of her administration as required by law, or to deposit the funds of the estate in bank as directed by an order of the Orphans' Court.

APPEAL from the Orphans' Court of Baltimore City.

On the 13th of January, 1874, the appellee filed a petition in the Orphans' Court of Baltimore City, against the appellant. The petition set forth an order of the Court passed on the 9th of August, 1872, requiring the appellant to deposit all the money belonging to the estate of her intestate, in the Savings' Bank of Baltimore, in the name of the estate, subject to the order and control of the Court, and to exhibit the book of deposit to the Court. The petition averred that the appellant had failed to obey said order, and prayed for a revocation of her letters of administration. The petitioner on the same day, filed another petition praying a revocation of the letters, because the appellant had not returned any account of her administration since the first account, although more than two years had elapsed since that time. The appellant answered the petition on the 5th of February, 1874, and admitted that she had not returned any account since her first one; but charged that she had well and truly accounted for all moneys belonging to her intestate, on deposit in the Savings' Bank of Baltimore, or deposited in any other place, that had come to her knowledge, and that a full account thereof appeared upon the face of the administration account by her returned; that by reason of the complexity of the claims made by various persons to be dis-

tributees of her intestate's estate, and to secure and save harmless from loss herself, and her sureties upon her administration bond, she had filed her bill in the Circuit Court of Baltimore city, against the petitioner and all other persons claiming any interest in said estate as distributees thereof, praying that the same might be distributed therein, under the sanction and indemnity of a decree of that Court; and that the Court, by its decretal order, had assumed jurisdiction over the whole of said estate; and further, that the respondent and the petitioner had been enjoined by the Circuit Court of Baltimore city, at the suit of David Jones and others, from taking any proceedings whatsoever, in regard to said estate, in any form other than in the said Circuit Court; that she was not aware that there ever had been any order of the Orphans' Court passed, such as the petitioner had averred, and even if the same had been passed, it was done without her knowledge, and was improperly passed, as the Circuit Court had assumed jurisdiction of the estate; that the only order of the Orphans' Court of which she had any knowledge, was an order of the said Court forbidding her to withdraw from the Savings' Bank, any of the moneys there deposited in the name of her intestate. and that said order had been, ever since its passage, well and truly obeyed by the respondent.

The evidence showed that a copy of the order was left at the house of the respondent, on the day after it was passed; and that her counsel filed objections to the order about twenty days after it was passed. One of the objections to the passage of the order was, that the respondent had appealed from the order of the Orphans' Court of the 30th of July, last past, refusing to her a notice of publication to all persons claiming to be distributees of the estate of her intestate, Andrew D. Jones, to come in and establish their claim in accordance with sec. 143 of Art. 93 of the Code; and that said appeal was still pending, and that

thereby the jurisdiction of the Orphans' Court to pass any other order in regard to the estate of the said Andrew D. Jones, was ousted, and any order passed thereafter, in regard thereto, was *coram non judice* and void.

The evidence further showed that the respondent had never deposited any money in the Savings' Bank.

On the 10th of August, 1874, the Orphans' Court passed an order revoking the letters of administration. From this order the respondent appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*George H. Williams,* for the apppellant.

The order of the Orphans' Court awarding the appellant one-half of the estate, not being rescinded, nor its propriety as to said half having been disputed in the Orphans' Court by any one, any further order professing to operate upon said half was illegal and improper.

The injunction as to one-half stayed all action of the appellant thereon; and any interference therewith, even by direction of the Orphans' Court, would have been a breach of said injunction, and the order directing her so to do was in itself a contempt of the Circuit Court.

Had the money been brought into Court, and paid over by it to the children of David Jones, it would have been irrecoverably lost to the estate.

The appeal to this Court as to said money stayed all jurisdiction of the Orphans' Court. *Bruscup vs. Taylor.* 26 *Md.*, 410.

Besides, the petition was to let the money remain in bank; it was not there on deposit in her name, nor would the bank, by the action of the Court and the appellee, permit her to meddle with it. No proof was before the Court that she had ever received over and above taxes, an additional dollar, or that she ever had a bank book. Nor

did any one aver the fund to be in danger from any quarter.

It was the duty of the appellant to administer the estate in *pais*, and to ascertain who were entitled to distribution, and not the Orphans' Court. *Conner vs. Ogle*, 4 *Md. Ch. Dec.*, 450. And it is a recognized part of the jurisdiction of Courts of Equity to superintend distribution among legatees. *Barnes vs. Compton*, 8 *Gill*, 397 ; *Davis vs. Clabaugh*, 30 *Md.*, 510 ; *Eichelberger vs. Hawthorne*, 33 *Md.*, 596 ; *Jones vs. Stockett*, 2 *Bland*, 425.

The jurisdiction asserted by the Circuit Court was rightfully asserted, and therefore exclusive. *Keighler, et al. vs. Ward, et al.*, 8 *Md.*, 266 ; *Rhodes & Willlams vs. Amsinck*, 38 *Md.*, 355.

*Wm. Sheppard Bryan,* for the appellee.

The appeal in this case ought to be dismissed, because the order appealed from was passed in the exercise of the discretion given to the Orphans' Court by sections 3 and 237 of Article 93 of the Code. *Porter vs. Timanus*, 12 *Md.*, 283. The order was right. The administratrix had delayed a most unreasonable time in rendering her second account. She had also wilfully disobeyed the order of the 9th of August, 1872.

The fact that she had of her own motion filed a bill in equity, did not exempt her from the duty of obeying the lawful orders of the Orphans' Court. It was essential that the Orphans' Court should exercise its authority to preserve this fund for the benefit of those who might be found entitled after the litigation was ended.

Even if it were competent for the Circuit Court to interfere with the jurisdiction of the Orphans' Court, in its control over this administratrix, in the matters to which these petitions relate, yet it will be seen that no order has been passed by the Circuit Court which could have that effect.

All the parties in interest were before the Orphans' Court, (including this respondent,) urging their claims, and the Court had ample jurisdiction, when the respondent filed a bill in equity, asking the equity Court to adjudicate on conflicting rights to one-half of the funds. This surely could not defeat the concurrent jurisdiction of the Orphans' Court which it was already exercising. It surely could not take away its power to preserve the fund pending the litigation, or its power to require proper accounts from its own officer.

STEWART, J., delivered the opinion of the Court.

This appeal is from the order of the Orphans' Court of Baltimore city, of the 10th August, 1874, revoking the letters of administration of the appellant, on Andrew D. Jones' estate.

From such an order, an appeal is allowed to this Court. *State, use of Calvert vs. Williams,* 9 *Gill,* 176; *Slattery vs. Smiley,* 25 *Md.,* 394.

The cases of *Porter vs. Timanus,* 12 *Md.,* 283, relied upon by the appellee's counsel, and *Shipley & Wife, Admrs. of Wood, ex parte,* 4 *Md.,* 493, refer to orders of the Orphans' Court, as to the investment of moneys, under section 237 of Article 93 of the Code. In such cases, where the Court has not exceeded its jurisdiction, there is no appeal from the exercise of its discretion. The motion to dismiss the appeal must be overruled.

Two petitions were presented to the Orphans' Court, praying to have the letters of the appellant revoked—the one, upon the ground that there had not been a compliance with the order of the Court of the 9th August, 1872, directing the deposit of money belonging to the estate—the other, that the appellant had failed to pass the proper administration accounts.

There can be no doubt, that it was the duty of the appellant, as the administratrix of Andrew D. Jones, accord-

ing to the provisions of sections 1, 2 and 3 of Article 93 of the Code, to render accounts as therein specified. It was equally incumbent upon her to deposit the funds of the estate as directed by the order of the Court, according to the 237th sec. of Art. 93 of the Code.

Upon her failure to do so, the Orphans' Court had authority to revoke the letters, and it is to be presumed, in the absence of evidence to the contrary, that the Court faithfully discharged its duty, and properly exercised its power of removal. So far as the record discloses the proceedings, the appellant had ample time and opportunity to have complied with the order for the investment of the money : and to have passed the necessary accounts.

The defence relied upon by the appellant, to excuse her failure, that an appeal was pending as to the distribution of the estate; and that certain proceedings had been instituted in the Circuit Court, as a Court of Equity, afforded no justification for her delinquency.

The law prescribing her duty as to the passage of administration accounts, and the due preservation of the funds of the estate, was not suspended by these proceedings.

The appeal only stayed such proceedings as were thereby affected, and which could not consistently be carried on until its termination.

Such is the special provision of the 43rd sec. of Art. 5 of the Code.

The appeal was in regard to the matter of distribution.

The collection and preservation of the funds belonging to the estate, and the passage of the accounts in the administration, were not affected by the appeal, but were necessary steps to enable distribution to be made.

Nor was there any thing in the proceedings in the Circuit Court, in equity, to restrain the appellant from obedience to the order of the Orphans' Court, as to the investment

Jones, Adm'x *vs.* Jones.

of the funds, or the passage of her accounts, and to set at naught the power of the Orphans' Court, over her administration of the estate.

Because the appellant had filed a bill in equity, for specific purposes, and for her own indemnity, in the absence of some order of that Court, to restrain her in the administration; the Orphans' Court was not ousted of all jurisdiction over her, and the assets of the estate in her hands.

Whilst the Orphans' Court has a special and limited jurisdiction, it is, by the law, clothed with extensive powers, and charged with the performance of very important duties in regard to the administration of the personal estate of deceased persons.

Where the jurisdiction has been conferred upon it, the duties must be exercised, and their powers extend to a numerous class of cases, not within the cognizance of Courts of Law or Equity.

It would be attended with very fatal consequences to deprive the Orphans' Court of its acknowledged jurisdiction over the administration of estates, because an appeal had been taken upon some special order of that Court; or because some proceeding had been instituted in a Court of Equity, touching the administration in some particular.

The Legislature, by the section referred to, from abundant caution, has expressly provided against such result, in the case of an appeal; and there is no provision of the law relieving that Court of its duty, because of the filing of a bill in Equity, by an administrator, in regard to some special matter, connected with the administration of the estate—unless the appellant had been restrained in the discharge of her duty by a Court of Equity, she is not absolved from her obligation to administer the estate confided to her, according to law.   We find nothing in the proceedings in the Circuit Court to withdraw the appellant

from the appropriate jurisdiction of the Orphans' Court, and no error of that Court, in the revocation of her letters of administration.

*Order affirmed, and*
*cause remanded.*

