JOHN S. BIDDISON, late Administrator of LYDIA P.
MILLICHOPP *vs.* FREDERICK W. STORY, Adminis-
trator de bonis non of LYDIA P. MILLICHOPP.

*What Proceedings stayed, pending an Appeal by an Adminis-
trator from an Order of an Orphans' Court, Revoking his
Letters.*

Pending an appeal by an administrator from an order of an Orphans'
Court revoking his letters of administration, the appellant remains
the administrator. Any proceeding in the Court below, which
displaces him pending such appeal, and takes the funds of the
estate from his hands is unwarranted; and such a proceeding is
not justified by sec. 74, of Art. 71, of the Revised Code.

APPEAL from the Orphans' Court of Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON,
ALVEY, IRVING, RITCHIE and MAGRUDER, J.

*R. R. Boarman,* for the appellant.

*F. W. Story* and *E. O. Hinkley,* for the appellees.

IRVING, J., delivered the opinion of the Court.

This case although contained in a separate record, was
argued with the case which immediately precedes it on
the docket.  *John S. Biddison, Adm'r of Lydia P. Milli-
chopp vs. Lydia A. Mosely, et al.*  It is really but a con-
tinuation of that case.  We therefore refer to the state-
ment of facts contained in that case, for the full under-
standing of this.

Biddison, late Adm'r *vs.* Story, Adm'r.

Subsequent to the order of the Orphans' Court, by which the appellant's letters of administration upon the estate of Lydia P. Millichopp were revoked, and after the appeal from that order had been prayed and granted, the Orphans' Court passed an order dismissing that appeal, for the reasons stated in the former case. Having so done the Orphans' Court appointed the appellee administrator *de bonis non* of Lydia P. Millichopp. Afterwards on the 4th of January, 1881, upon the application of the appellee, the Orphans' Court passed the order of sequestration which forms the subject of appeal in this case. It does not appear that a formal appeal was taken from the order appointing the appellee administrator; but the decision of this appeal involves the validity of the order; and the appellee's counsel say in their brief, that is the sole question in this case. At the hearing of the cause in this Court it was admitted, and we have so decided in the other case, that the order of the Orphans' Court, dismissing the appeal of this appellant from the order revoking his letters, was a nullity and did not affect the appeal; but the same was heard and decided. Pending that appeal, the appellant remained the administrator, and could not be disturbed in his office. *State, use of Calvert vs. Williams,* 9 *Gill,* 172. Any proceeding therefore which displaced him pending his appeal, and took the funds of the estate from his hands was unwarranted, and in flat violation of the rule laid down in *State, use of Calvert vs. Williams.* Section 74, page 776, of the Revised Code, which is relied on as justifying the proceeding cannot be held to sustain it. That provision is section 43 of Article 5 of the Code of 1860, and is one of the provisions of the Act of 1798. It was in force when this Court made the decision in the case just cited. Whatever was contemplated by it, it is clear that it does not authorize the appointment of a *new* administrator pending the appeal, and the sequestration of the other administrator's property; as was done here for

money actually paid away, according to his sworn answer,. to persons entitled as distributees. The order will be reversed.

*Reversed with costs.*